UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JEROME REED,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **V.** | ) Case No.: 5:18-cv-1733-LCB-HNJ |
| | ) |
| **NEIKO WHITE,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |

## **ORDER**

On May 13, 2020, U.S. Magistrate Judge John E. Ott issued a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) recommending that Defendants Neiko White and Kessy Bell's Motion for Summary Judgment be denied and Plaintiff Jerome Reed's excessive force claim be referred to the Magistrate Judge for further proceedings. (Doc. 33). No party has objected to the Report and Recommendation.

When a party objects to a portion of a Magistrate Judge's report or proposed findings or recommendations, the District Court must conduct a de novo review of those portions of the report to which the party has specifically objected. 28 U.S.C. § 636(b)(1). The unchallenged portions of the Magistrate Judge's report are reviewed for clear error. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

The crux of the Magistrate Judge's recommendation that summary judgment be denied is, of course, that the amended complaint and the institutional records produced with the special report raise a genuine issue of material fact. (Doc. 33 at 11–12). Specifically, the Magistrate Judge concluded that under *Whitley v. Albers*, 475 U.S. 312 (1986) and *Hudson v. McMillian*, 503 U.S. 1 (1992), a reasonable jury could find that White and Bell had violated Reed's Eighth Amendment rights by using force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. (*Id.*).

Public officials acting within the scope of their discretionary authority, like White and Bell, are typically shielded from liability for civil damages by the doctrine of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity protects officials from liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* Where the conduct alleged is excessive force in violation of the Eighth Amendment, however, the Eleventh Circuit has held that qualified immunity is unavailable. *Skrtich v. Thornton*, 280 F.3d 1295 (11th Cir. 2002). The Magistrate Judge thus concluded that the defendants were not entitled to qualified immunity simply because a reasonable jury could find that White and Bell's use of force violated Reed's rights under the Eighth Amendment; relying on *Skrtich*, he did not consider whether those rights were "clearly established."

*Skrtich* holds that qualified immunity is unavailable to the defendant alleged to have used force in violation of the Eighth Amendment. 280 F.3d at 1301. Two steps, in other words, are collapsed into one: to allege that a defendant violated a constitutional right is to allege that the right was clearly established, "because the use of force 'maliciously and sadistically to cause harm' is clearly established to be a violation of the Constitution." *Id.*

Although *Skrtich* is still good law—a plaintiff alleging excessive force under the Eighth Amendment can overcome qualified immunity by showing only that his Eighth Amendment rights have been violated—some courts have since questioned the soundness of the opinion, and developments in the law of qualified immunity raise doubts about its future. In *Henry v. Dinelle*, 929 F. Supp. 2d 107, 127 (N.D.N.Y. 2013), for instance, the Northern District of New York observed that the Eleventh Circuit's finding that excessive force precludes a finding of qualified immunity "stems from an apparent misapplication of *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Additionally, seven years after *Skrtich*, the Supreme Court decided *Pearson v. Callahan*, 555 U.S. 223 (2009) and departed from the mandatory two-step procedure prescribed by *Saucier v. Katz*, 533 U.S. 194 (2001). After *Pearson*, lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." 555 U.S. at 236. And

3

while the Eleventh Circuit had earlier applied the rule for excessive force claims brought under the Eighth and Fourteenth Amendments, the Court recognized as recently as last month that *Kingsley v. Hendrisckson*, 576 U.S. 389 (2015) has undermined the justification for the rule "'to the point of abrogation,' at least as to Fourteenth Amendment excessive-Force claims." *Patel v. Lanier County Georgia*, -- F.3d -- , 2020 WL 4591270, at *7 (11th Cir. Aug. 11, 2020). Nevertheless, in the same stroke that it abandoned the rule in the Fourteenth Amendment context, the court reaffirmed that the rule "continues to apply to Eighth Amendment claims." *Id.* The Court is thus bound to apply it here.

Accordingly, having reviewed the proposed findings and recommendations for clear error, the Court concludes that the Magistrate Judge's Report and Recommendation (Doc. 32) should be **ACCEPTED** and hereby **ADOPTS** it as the findings of the Court. Defendants White and Bell's Motion for Summary Judgment (Doc. 28) is **DENIED** and Reed's excessive-force claim is referred to the Magistrate Judge for further proceedings**.**

**DONE** and **ORDERED** this September 2, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE